## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 12-56(3) (DWF/SER) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM REGARDING PRO SE MOTION FOR REDUCTION OF SENTENCE UNDER TITLE 18 § 3582(C)(2)** |
| Daphne Denise Walker, | |
| Defendant. | |

This matter is before the Court upon Defendant Daphne Denise Walker's ("Defendant") *Pro Se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 144.) The United States of America (the "Government") opposes the Defendant's request. (Doc. No. 151.) For the reasons set forth below, the Court respectfully denies the Defendant's motion.

## BACKGROUND

On February 22, 2012, the Defendant, along with two co-defendants, was charged in a three-count Indictment in the District of Minnesota with federal drug trafficking offenses involving cocaine and cocaine base ("crack"). (Doc. No. 1.) On August 27, 2012, the Defendant appeared before the Court and pled guilty to Count 1 of the Indictment that charged her with conspiracy to distribute 280 grams or more of cocaine base ("crack") and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (Doc. No. 98.)

Pursuant to the plea of guilty by the Defendant, the Court ordered a Presentence Investigation Report ("PSR") prior to sentencing. The PSR stated that the Defendant was responsible for at least 280 grams, but less than 840 grams of cocaine base ("crack"), resulting in a base offense level of 32. *See* PSR, ¶ 35. The PSR recommended a three-level guideline reduction for acceptance of responsibility pursuant to U.S.S.G. § 3D1.1. *See* PSR, § 41.

Significantly, the PSR reported that the Defendant was a career offender under U.S.S.G. § 4B1.1(b) resulting in a base offense level of 37. *See* PSR, ¶ 43. Accordingly, with an adjusted offense level of 34 and a criminal history VI, the PSR reported that the Defendant's advisory guideline range of imprisonment as a career offender, pursuant to U.S.S.G. § 4B1.1(b), was 262-327 months. *See* PSR, ¶ 92. The Defendant was also subject to a statutory mandatory minimum term of imprisonment of 120 months, required by 21 U.S.C. § 841(b)(1)(A). *See* PSR, ¶ 91.

The Court sentenced the Defendant on March 21, 2013. The Court specifically found that the Defendant was a career offender under U.S.S.G. § 4B1.1 and, therefore, was subject to a total offense level 34, criminal history category VI, which resulted in an applicable guideline range of 262-327 months imprisonment. *Id.* Of special significance to the Defendant's *pro se* motion, and perhaps overlooked by the Defendant, the Court sentenced the Defendant to 120 months imprisonment to be followed by a five-year term of supervised release. The 120-month sentence imposed by the Court constituted a 142-month downward departure for overstatement of criminal history pursuant to

2

U.S.S.G. § 4A1.3 and a downward variance based on the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* The Court should also note that the 120-months constituted the statutory mandatory minimum sentence, as noted above.

On or about December 24, 2014, the Defendant submitted the instant *pro se* motion seeking a reduction of her sentence under 18 U.S.C. § 3582(c)(2). (Doc. No. 144.) The Defendant's *pro se* motion is based upon Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table under U.S.S.G. § 2D1.1 across drug and chemical types and reduced drug quantity base offense levels by two levels, thereby lowering the advisory guidelines for certain drug offenses. Amendment 782, as the Court will explain below, did not alter the sentencing guidelines range for any defendant sentenced to a mandatory minimum sentence.

## DISCUSSION

18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 does not permit a court to reduce a sentence below an applicable mandatory minimum. Every circuit court, including the Eighth Circuit, has held that where a statutory mandatory minimum sentence was imposed by a district court, the

3

passage of a retroactive guideline amendment is irrelevant. *United States v. Ganun*, 547 F.3d 46 (1st Cir. 2008) (per curiam); *United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009); *United States v. Doe*, 564 F.3d 305, 311-12 (3d Cir. 2009); *United States v. Hood*, 556 F.3d 226, 233 (4th Cir. 2009); *United States v. Carter*, 595 F.3d 575 (5th Cir. 2010) (per curiam); *United States v. McPherson*, 629 F.3d 609, 611-12 (6th Cir. 2011); *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (per curiam); *United States v. McFadden*, 523 F.3d 839 (8th Cir. 2008) (per curiam); *United States v. Paulk*, 569 F.3d 1094 (9th Cir. 2009 (per curiam); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997); *United States v. Jackson*, 613 F.3d 1305 (11th Cir. 2010); *United States v. Cook*, 594 F.3d 883, 891 (D.C. Cir. 2010).

This Court is unaware of any district court in this circuit that has concluded that Amendment 782 gives jurisdiction to a trial court to sentence a defendant below a mandatory minimum sentence, to which the the Defendant was sentenced in this case.

Consequently, because the Defendant was sentenced to a statutory mandatory minimum sentence, he is not eligible for a sentence reduction pursuant to Section 3582(c)(2). While it is true that Amendment 782 altered the Sentencing Guidelines' base offense levels applicable to certain drug offenses, it is also true that it did not change the required statutory mandatory minimum penalties.

Moreover, the Defendant is not eligible for sentence reduction under 18 U.S.C. § 3582(c)(2) because she was classified and sentenced as a career offender under U.S.S.G. § 4B1.1. The Defendant's applicable career-offender guideline range was not

lowered by Amendment 782.  Amendment 782 did not alter the sentencing guideline ranges of imprisonment under U.S.S.G. § 4B1.1 applicable in career-offender cases.

## CONCLUSION

Based upon the record before the Court and the Court having reviewed the presentations of the parties, including all of the *pro se* submissions by the Defendant, and the Court being otherwise duly advised in the premises, the Court concludes that Amendment 782 did not alter or otherwise reduce either the statutory minimum penalty of 10 years or alter the guideline range for a career offender or otherwise grant this Court the authority to do so.  The Court, therefore, respectfully denies Defendant's *Pro Se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

However, before concluding, the Court must observe that since being in custody the Defendant has not only had zero incident reports, but has participated in a number of classes including commercial driver's license, abs, step, crochet, circuit I, starting and incorporating a business, computer applications, and "plastic canv."  The Court acknowledges the effort the Defendant has made and is making by taking advantage of these additional opportunities.  Therefore, the Court sincerely believes there is no reason why this Defendant cannot be in that group of defendants, a number of whom have come before this Court, who after release go on to live the life they want and never return to court, be it federal or state court, on a new crime or violation.

**ORDER**

1. Defendant Daphne Denise Walker's *Pro Se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is respectfully **DENIED**.

Dated: February 10, 2016        s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge